## NEW YORK SUPERIOR COURT.

ELIZABETH McCoy agt. FREDERICK L. VULTE and WILLIAM HIGBIE SMITH, Executors, &c., of SARA A. STURTEVANT, deceased.

*Construction of a will.*—" Firstly. I give and bequeath unto my sister, Elizabeth McCoy, wife of Amos D. McCoy, formerly of New Orleans, Louisiana, all my wearing apparel, household linen and stuffs, silver and *jewelry*, not hereinafter specifically bequeathed, *which is now contained in eight trunks*, together with said trunks. To have and to hold the same to her own use, separate from her husband, forever:

*Held,* that there being no jewelry in said eight trunks, but being contained in a separate valise, the words " which are now contained in eight trunks," were words of *description* and not of *limitation*, inasmuch as they were not applicable to any existing subject, and the subject bequeathed was fully described without them, they should be regarded as erroneous or surplusage. The jewelry contained in the valise, therefore, passed under this specific legacy to the legatee therein named.

*Special Term, November,* 1865. *Decided December,* 1865.

THE issues in this action having been tried at a special term of this court, before the undersigned, one of the justices of this court, without a jury, and both parties appearing by counsel, I do find from the pleadings and proofs the following facts to have been thereby established:

First. That Sara A. Sturtevant, the deceased above named, in the year 1864, had in her possession and belonging to her, the following property, to wit: Eight trunks, containing wearing apparel, household linen, blankets and bedding; also a piece of plate, some plated ware, gold-headed canes, opera glasses, chessmen, and some ornaments of trifling value, but no jewelry; also a tin box containing some articles of jewelry, including some articles previously belonging to a deceased parent, a watch and eye-glass; also a leather traveling valise *and its contents*, at that time deposited with a friend for safe keeping, which contained jewelry belonging to herself, as well as personal ornaments belonging to her deceased husband in his life time; and

that she then owned no other trunks containing wearing apparel, household linen stuff, silver or jewelry.

Second. That during the same year she executed her last will and testament, in the words and figures following, to wit: (Setting out a copy of the will, the first clause of which only is applicable to this case, and which is here inserted.)

"Firstly. I give and bequeath unto my sister, Elizabeth McCoy, wife of Amos D. McCoy, formerly of New Orleans, Louisiana, all my wearing apparel, household linen and stuffs, silver and jewelry, not hereinafter specifically bequeathed, which is now contained in eight trunks, together with said trunks. To have and to hold the same to her own use, separate from her husband, forever. And in the event of my surviving her, or of her legal incapacity to take and hold the same, I give and bequeath the same unto her two step-daughters, children of said Amos D. McCoy, namely, Susan and Mary Lorette McCoy. To have and to hold to the use of them (or if either shall die before me, then to the use of the survivor of them) forever."

Third. That on the 10th day of January, 1865, she departed this life in the city of New York, leaving the plaintiff her only surviving relative.

Fourth. That her last will and testament has been duly admitted to probate as such, and the defendants have duly qualified as, and they now are, the executors thereof.

Fifth. That until her decease the testatrix continued in possession and control of the said eight trunks and the said tin box, *and their contents*, and continued to own the said valise and its contents, and she did not then own any other trunk containing wearing apparel, household linen, stuffs, silver and jewelry.

And from the facts aforesaid, I do conclude as matter of law:

First. That in the said bequest of " all my  *  *  * silver and jewelry, not hereinafter specifically bequeathed,

which is now contained in eight trunks," the words— " which is now contained in eight trunks "—are words of description and not of limitation, and inasmuch as they are not applicable to any existing subject, and the subject bequeathed is fully described without them, they should be disregarded as erroneous or surplusage.

Second. That by said bequest the testatrix intended to, and did, specifically bequeath to the plaintiff, among other things, all the silver and jewelry which belonged to said testatrix at the time of her decease except the silver tea set, which she specifically bequeathed to one of the children of the plaintiff's husband.

Third. That the plaintiff should have judgment directing the defendants to deliver the same to her, according to the prayer of the complaint.

And I do accordingly adjudge that the said defendants deliver to the plaintiff the articles so specifically bequeathed to her, or if sold, pay over the proceeds thereof to her, and pay to the plaintiff her costs in this action, to be adjusted by the clerk of this court, out of the estate of Mrs. Sturtevant, the said testatrix.

(Signed)          ANTHONY L. ROBERTSON,
Chief Justice Sup. Court, N. Y.

B. D. SILLIMAN, *for plaintiff.*
ALBERT MATHEWS, *for defendants.*

*First.* The *language* of the will cannot be varied, enlarged or limited by parol evidence. The testatrix had a legal right to make *her own will* in *writing.* The court cannot permit the *viva voce declarations* of third persons (though under the sanction of an oath), made as to the intention of the testatrix, to overcome her expressed *written intentions.* (*Roosevelt* agt. *Thurman,* 1 *Johns. Ch. R.* 228 ; *Near* agt. *Mauris, Exrs. Id.* 234.)

*Second.* The *language* of the will is clear and explicit.

There is no ambiguity. The words "*which are contained in eight trunks, together with said trunks,*" are words of *limitation and restriction*, and not mere words of *description*. (*Whilkes* agt. *Ferris*, 5 *Johns. R.* 335 ; see *Jackson* agt. *Sill*, 11 *Johns. R.* 201.)

*Third.* The *evidence* shows conclusively that the testatrix *well knew* that the valuable "*jewelry*" contained in the *valise*, and in the possession of Mr. Martin, the executor of her husband's estate, was not in either of the eight trunks referred to. Had the testatrix intended to bequeath *this* "jewelry," as claimed by the plaintiff to her (the plaintiff), she certainly would have identified it as she has done all other property, by apt and proper words. She was a woman of more than ordinary astuteness, and well knew the effect and meaning of her language. This is not like the case of a *mere bequest of "jewelry" alone.* The bequest covered many articles, and the bequest is *effectual* by giving plaintiff the " eight trunks " and the articles they contain. The word "*jewelry*," is mere surplusage, and *was used merely more fully to describe the possible contents of the trunks.*

*Fourth.* The "jewelry " in the *valise*, in truth was the property of D. Randolph Martin, executor of O. W. Sturtevant, deceased, and the testatrix had no proprietorship in or control over it. It is quite probable that she believed Mr. Martin would sell it to pay the debts of the estate of her husband.

*Fifth.* The alleged declarations of Mrs. Sturtevant's *intentions* (besides being clearly inadmissible as evidence to *control* the *written* will), were all made *prior* to the execution of the will, and even if she could be shown to have originally had such an *intention*, she had a right to change her intention, and will be held to have done so.

*Sixth.* The absence of a *specific bequest* of the " *valise* " and its valuable contents of *jewelry alone*, to any person in *express words*, is conclusive evidence that the testatrix did

not intend to give it specifically to any one, or to dispose of it other than by the general residuary clause in her will.

ROBERTSON, C. J.   This is an action for a specific legacy against an executor.   The testatrix who was a widow, in the year 1864, had in her possession and belonging to her, four trunks filled with wearing apparel, household linen, blankets and bedding, containing also a piece of plate, some plated ware, gold-headed canes, opera glasses, chessmen, and some ornaments of trifling value.   She had also in her possession and belonging to her, a tin box containing some articles belonging to a deceased parent, a watch and eye-glass.   At the same time she owned a leather traveling valise and its contents, then deposited with a friend.   It contained jewelry belonging to herself, as well as personal ornaments belonging to her deceased husband in his life time.   She then owned no other trunks containing wearing apparel, household linen or stuffs, silver or jewelry.

In the same year she executed an instrument subsequently admitted to probate by the proper officer, as her last will and testament.   In it, among other things, she bequeathed to the plaintiff, her sister, " all her wearing apparel, household linen or stuffs, and jewelry, not " thereinafter " specifically bequeathed, which " was then " contained in eight trunks, together with the said trunks," as her separate estate ; and in case of her death before the testatrix, she gives the same to two children of her sister's husband.   She next bequeaths therein a silver tea set to one of such children.   After several general devises and legacies, she bequeaths thereby one-half part of all her residuary estate to a friend, and the other half to the same two children of her sister's husband, with a bequest over in case of their disease or incompetency, to the same friend. The testatrix until the time of her death, remained in possession of the four trunks, with the tin box before mentioned, and their contents, and continued to own the valise

so deposited for safe keeping, with its contents, and did not own any other trunks containing any wearing apparel, household linen and stuffs, silver or jewelry.

The contest in this case is respecting the contents of the valise in the hands of a third party at the time of the death of the testatrix, which the residuary legatees claim under the general residuary bequest. I do not perceive any great difficulty in the construction of the specific bequest. It is contended that the words " which are now contained in eight trunks, together with said trunks," are not mere words of *description*, but *limit* the general term " all." There can be no doubt that if the testatrix had had articles of the kind described in eight trunks, besides others of the same kind, the specific legatee could only have taken those in such trunks ; but in this case she did not have any " *jewelry* " in a trunk unless the valise be one, and she had some in that. The bequest as to "jewelry," must therefore fail, unless the contents of such valise passes thereby. The bequest must be construed so as to take effect upon something, if possible consistently with legal rules of construction. When the whole of a description does not correspond with any existing subject, but a part does, the residue of it beyond such part may be disregarded as erroneous and surplusage. In the present case the words are " all my wearing apparel, &c.," and not all *of* my wearing apparel, &c., which would admit of some further description, with a relative pronoun referring to and limiting it. As it stands, the first part of the sentence is capable of being construed by itself, and is applicable to an existing subject, while the subsequent words which defeat the whole bequest as to "jewelry," being inapplicable to any existing subject, may be disregarded, without altering the sense, and should be so to prevent such a result. Evidence was given on the trial to show that some of the articles of jewelry contained in the valise did not belong to the testatrix, but to her husband or his executor. If so, she could not

bequeath them, but that would not prevent the bequest from taking effect upon what was hers.

The plaintiff is entitled to judgment for the articles of jewelry belonging to the testatrix, contained in the valise deposited with Mr. Martin, with costs to be paid out of the estate.